******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# MARIA UGALDE, ADMINISTRATRIX (ESTATE OF RICHARD UGALDE) *v.* SAINT MARY'S HOSPITAL, INC., ET AL.
## (AC 39343)

Sheldon, Bright and Harper, Js.

*Syllabus*

The plaintiff administratrix of the estate of the decedent sought to recover damages for medical malpractice from the defendant hospital and the defendant surgeon in connection with the allegedly wrongful death of the decedent. The trial court granted the hospital's motion to dismiss the action against it and rendered judgment thereon. The hospital had claimed that the plaintiff's complaint was supported by an opinion letter from a health care provider that was legally insufficient under the applicable statute (§ 52-190a [a]). The plaintiff then filed a request for leave to amend the complaint and attached an amended opinion letter to the proposed amended complaint. The trial court denied the plaintiff's request for leave to amend the complaint, concluding that it had been filed beyond the statute of limitations for wrongful death actions, and dismissed the action against the hospital on the ground that the court lacked personal jurisdiction over the hospital because the initial opinion letter that had been filed with the complaint was legally insufficient. The trial court also granted the surgeon's motion for a judgment of nonsuit and rendered judgment thereon, determining that the plaintiff had failed to comply with certain of the surgeon's discovery requests and the court's orders to comply with those requests. The court thereafter denied the plaintiff's motions to set aside the judgment of nonsuit and to reargue the denial of the motion to set aside the judgment of nonsuit. On the plaintiff's appeal to this court, *held*:

1. The trial court did not err in denying the plaintiff's request for leave to amend the complaint or in dismissing her claim against the hospital for lack of personal jurisdiction; the plaintiff could not amend the complaint after the expiration of the statute of limitations for wrongful death actions, as such an approach to actions that are supported by insufficient opinion letters would circumvent and be inconsistent with the mandate of the legislature that such actions be dismissed for lack of personal jurisdiction, and because actions that have been dismissed for want of personal jurisdiction after the expiration of the statute of limitations can be saved if they are timely refiled in proper form under the accidental failure of suit statute (§ 52-592 [a]), the legislature plainly contemplated that a malpractice action that has been dismissed for not being supported by a qualifying opinion letter could be saved under § 52-592 (a), after the expiration of the statute of limitations, by refiling it along with a proper opinion letter.

2. The trial court did not abuse its discretion in denying the plaintiff's motion to reargue the denial of her motion to set aside the judgment of nonsuit; the plaintiff was afforded multiple opportunities to properly respond to the surgeon's discovery requests and the court's orders that she comply with those requests, but she failed to do so.

Argued February 8—officially released May 15, 2018

*Procedural History*

Action to recover damages for the defendants' alleged medical malpractice, and for other relief, brought to the Superior Court in the judicial district of Waterbury, where the court, *Shapiro, J.*, granted the motion for a nonsuit filed by the defendant Shady Macaron and rendered judgment thereon; thereafter, the court denied the plaintiff's motion to set aside the judgment of nonsuit; subsequently, the court denied the plaintiff's motions for leave to amend the complaint and to rear-

gue the denial of the motion to set aside the judgment of nonsuit, and granted the named defendant's motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court; thereafter, this court dismissed the appeal as to the defendant Shady Macaron. *Affirmed.*

*Jeffrey M. Cooper*, for the appellant (plaintiff).

*Michael R. McPherson*, with whom, on the brief, were *Sally O. Hagerty* and *Ilyssa H. Kelson*, for the appellee (named defendant).

*David J. Robertson*, with whom were *Christopher H. Blau* and, on the brief, *Madonna A. Sacco* and *Matthew M. Sconziano*, for the appellee (defendant Shady Macaron).

*Opinion*

SHELDON, J. In this medical malpractice action, the plaintiff, Maria Ugalde, administratrix of the estate of Richard Ugalde (decedent), appeals from the judgments of the trial court rendered in favor of the defendants, Saint Mary's Hospital, Inc. (hospital), and Shady Macaron, M.D. On appeal, the plaintiff claims that the trial court erred (1) in dismissing her claim against the hospital for failure to file a legally sufficient opinion letter authored by a similar health care provider, as required by General Statutes § 52-190a (a); and (2) in denying her motion to reargue the denial of her motion to set aside the judgment of nonsuit that had been rendered against her in favor of Macaron for her failure to comply with discovery requests.[1] We affirm the judgments of the trial court.

In her complaint dated August 6, 2015, the plaintiff alleged that, in May, 2013, her decedent was treated at the hospital by Macaron, a general surgeon, who performed a robot-assisted sleeve gastrectomy upon him, after which, while he was still hospitalized, he suffered a postoperative gastric leak that caused his death. After counsel appeared for both defendants, they filed the motions which led ultimately to the judgments that have been challenged on this appeal. We set forth the procedural history leading to each challenged judgment in turn.

I

The plaintiff first challenges the dismissal of her claim against the hospital for failure to comply with the requirements of § 52-190a (a). The plaintiff argues that the trial court should have permitted her to amend her complaint—specifically, the opinion letter attached to her complaint—to add the professional qualifications of the author of that letter, and thus to cure the defect contained therein.

The following procedural history is relevant to the plaintiff's claim. The plaintiff's decedent died on May 13, 2013. The plaintiff obtained a ninety day extension of the statute of limitations to bring this action pursuant to § 52-190a (b).[2] Both defendants were timely served with the plaintiff's writ of summons and complaint on August 7, 2015. The return date in this matter was September 15, 2015.

Attached to the plaintiff's complaint was a certificate signed by the plaintiff's attorney, attesting that he had a good faith belief that grounds existed for the bringing of this action on the basis of the defendants' medical negligence in their care and treatment of the decedent. Also accompanying the complaint was an opinion letter, which stated, inter alia: "It is my professional medical opinion based upon my education, training, and 35 years of surgical experience and surgical critical care, and my review of the medical records that the care provided

to the [decedent] by general surgeon . . . Macaron and the surgical team under his direction grossly departed and deviated from the accepted standard of care one would expect from a general surgeon providing postoperative care for a patient undergoing a previous gastrointestinal surgical procedure."

On October 14, 2015, the hospital filed a motion to dismiss the plaintiff's claim against it on the ground that the court lacked personal jurisdiction over it because the opinion letter attached to the plaintiff's complaint failed to set forth the professional qualifications of the author of the opinion letter as required by § 52-190a (a), and thus that it was legally insufficient.[3]

On October 20, 2015, in response to the defendants' motions to dismiss, the plaintiff filed a request for leave to amend her complaint, seeking to add to the opinion letter the professional qualifications of its author. Attached to the proposed amended complaint was an amended opinion letter, which stated, inter alia, that the writer's professional medical opinion was based "upon my education, training, and 35 years of surgical experience with surgical critical care, *and as a board certified general, board certified cardiovascular surgeon and with previous board certification in surgical critical care* . . . ."

The hospital objected to the plaintiff's request for leave to amend on the ground that it was untimely and improper in light of its outstanding challenge to the court's jurisdiction over it.

On January 19, 2016, the plaintiff filed an objection[4] to the hospital's motion to dismiss on the ground that her proposed amended opinion letter satisfied the requirements of § 52-190a (a) and was filed within the applicable statute of limitations.

By way of a memorandum of decision filed on June 8, 2016, the court denied the plaintiff's request for leave to amend her complaint, sustained the hospital's objection thereto, and granted the hospital's motion to dismiss due to her failure to comply with the requirements of § 52-190a (a). The court denied the plaintiff's request for leave to amend her complaint because it was untimely. The court explained that her decedent died on May 13, 2013, that the statute of limitations for a wrongful death claim is two years, and that the plaintiff had obtained a ninety day extension of the statute of limitations pursuant to § 52-190a (b). Thus, the statute of limitations on the plaintiff's claims expired two years and ninety days from May 13, 2013, which fell on August 11, 2015. The plaintiff filed her request for leave to amend on October 20, 2015. The court reasoned that because the plaintiff's request for leave to amend was filed beyond the statute of limitations, it could not grant that request. And because the opinion letter filed with the plaintiff's complaint was legally insufficient, the

court lacked personal jurisdiction over the hospital and, thus, dismissed the plaintiff's claim against it. This appeal followed.

We begin by setting forth the following relevant legal principles. Section 52-190a (a) provides in relevant part that, in any medical malpractice action, "[n]o civil action or apportionment complaint shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action or apportionment complaint has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. . . . [T]he claimant or the claimant's attorney . . . shall obtain a written and signed opinion of a similar health care provider, as defined in [General Statutes §] 52-184c, which similar health care provider shall be selected pursuant to the provisions of said section, that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. . . ." Section 52-190a requires that the written opinion letter must have been obtained prior to filing the action and that the good faith certificate and opinion letter must be filed when the action commences. Section 52-190a (c) provides: "The failure to obtain and file the written opinion required by subsection (a) of this section shall be grounds for the dismissal of the action."

"[T]he written opinion letter, prepared in accordance with the dictates of § 52-190a, like the good faith certificate, is akin to a pleading that must be attached to the complaint in order to commence . . . the action [properly]. . . . Accordingly . . . [t]he failure to provide a written opinion letter, or the attachment of a written opinion letter that does not comply with § 52-190a, constitutes insufficient process, which implicates personal jurisdiction over the defendant. . . . [Dismissal on the basis of an inadequate opinion letter is] without prejudice . . . and even if the statute of limitations has run, relief may well be available under the accidental failure of suit statute . . . ." (Citations omitted; internal quotation marks omitted.) *Santorso* v. *Bristol Hospital*, 308 Conn. 338, 350–51, 63 A.3d 940 (2013). "[W]hen a medical malpractice action has been dismissed pursuant to § 52-190a (c) for failure to supply [a legally sufficient] . . . opinion letter by a similar health care provider required by § 52-190a (a), a plaintiff may commence an otherwise time barred new action pursuant to the matter of form provision of [the accidental failure of suit statute, General Statutes] § 52-592 (a) only if that failure was caused by a simple mistake or omission, rather than egregious conduct or gross negligence attributable to the plaintiff or his attorney."

*Plante* v. *Charlotte Hungerford Hospital*, 300 Conn. 33, 46–47, 12 A.3d 885 (2011).

The plaintiff does not claim on appeal, nor did she before the trial court, that the opinion letter that she filed with her initial complaint complied with the requirements of § 52-190a (a). She argues, as she did before the trial court, that she should have been permitted to amend her opinion letter to bring it into compliance with § 52-190a (a), and thus within the jurisdiction of the court. We are not persuaded.

In *Gonzales* v. *Langdon*, 161 Conn. App. 497, 128 A.3d 562 (2015), this court held, as a matter of first impression, that a legally insufficient opinion letter may be cured by amendment under two circumstances. The court held: "[I]f a plaintiff alleging medical malpractice seeks to amend his or her complaint in order to amend the original opinion letter, or to substitute a new opinion letter for the original opinion letter, the trial court (1) must permit such an amendment if the plaintiff seeks to amend as of right within thirty days of the return day and the action was brought within the statute of limitations, and (2) has discretion to permit such an amendment if the plaintiff seeks to amend within the applicable statute of limitations but more than thirty days after the return day. The court may abuse its discretion if it denies the plaintiff's request to amend despite the fact that the amendment would cure any and all defects in the original opinion letter and there is an absence of other independent reasons to deny permission for leave to amend." Id., 510.

The plaintiff concedes that she cannot prevail under the first prong of *Gonzales* because she failed to request leave to amend her complaint within thirty days of the return day. She thus relies on the second prong of *Gonzales*, which provides that the court "has discretion to permit such an amendment if the plaintiff seeks to amend within the applicable statute of limitations . . . ." Id. She claims, as she did before the trial court, that her request for leave to amend was filed within the applicable statute of limitations because it related back to the filing of her original complaint, and thus that she was entitled to amend her complaint pursuant to this court's reasoning in *Gonzales*. In rejecting this argument, the trial court reasoned as follows: "[T]he plaintiff relies on *Gonzales* v. *Langdon*, supra, 161 Conn. App. 522, where the court stated, 'The defendants in this case never argued before the trial court that the amendment did not relate back to the original complaint or that they would have been prejudiced by undue delay, and, therefore, there were no other independent reasons for the trial court to deny leave to amend.'

"The plaintiff asserts that, since her amendment existed, 'albeit in an allegedly defective form,' at the commencement of the action, it is proper to rely on the relation back doctrine. . . . She states that she

believes that the only reason *Gonzales* concerned itself with the fact that the plaintiff there filed her amendment within the statute of limitations period was because the amendment contained an entirely new opinion letter which did not exist when the action was commenced. . . .

"The plaintiff contends that the Appellate Court in *Gonzales* must have been contemplating situations such as that presented here, otherwise it would have had no reason to discuss the relation back doctrine. However, in *Gonzales*, the court repeatedly referenced the requirement that the amendment must be presented within the statute of limitations. It stated that '[t]he legislative purpose of § 52-190a (a) is not undermined by allowing a plaintiff leave to amend his or her opinion letter or to substitute in a new opinion letter if the plaintiff did file, in good faith, an opinion letter with the original complaint, and later seeks to cure a defect in that letter *within the statute of limitations*. Amending within this time frame typically will not prejudice the defendant or unduly delay the action.' . . . Id., 519. The court explained [in *Gonzales*] that '[a]llowing amendments filed after the thirty days to amend as of right but before the statute of limitations period has run favors judicial economy . . . .' Id.

"In particular, the court emphasized the requirement of the filing of an amendment before the limitations period has run, by distinguishing its prior decision in *Torres* v. *Carrese*, 149 Conn. App. 596, 611 n.14, 90 A.3d 256, cert. denied, 312 Conn. 912, 93 A.3d 595 (2014), where the Appellate Court 'noted that the trial court could not consider a new opinion letter attached to the amended complaint because it was obtained after the action commenced, after the defendants had filed their motions to dismiss, *and after the statute of limitations had expired* . . . . Therefore, *Torres* is distinguishable from the present case and falls outside the time frame for when amending an opinion letter is allowed.' . . . *Gonzales* v. *Langdon*, supra, 161 Conn. App. 520 n.10.

"Thus, *Gonzales* emphasizes the requirement that the amendment must be filed within the limitations period. As in *Torres*, the plaintiff's amendment here was filed after the statute of limitations period had expired. In view of the fact that attachment of a written opinion letter that does not comply with § 52-190a constitutes insufficient process, and service of that insufficient process does not subject a defendant to the jurisdiction of the court, which implicates personal jurisdiction; see *Morgan* v. *Hartford Hospital*, [301 Conn. 388, 401–402, 21 A.3d 451 (2011)]; the court concludes that the reference in *Gonzales* to the relation back doctrine was employed to illustrate that, in the circumstances there, there were no 'other independent reasons for the trial court to deny leave to amend,' *Gonzales* v. *Langdon*, supra, 161 Conn. App. 522. The reference to the relation

back doctrine does not contradict the court's earlier statements concerning the requirement for filing the request to amend within the limitations period, not after it expired." (Citations omitted; emphasis in original.) The court thus concluded: "Since it was filed after the expiration of the limitations period, the plaintiff's proposed amendment to the opinion letter may not be considered."

In her reply brief to this court, the plaintiff emphasized her reliance on this court's ruling in *Gonzales* to support her claim that she filed her request for leave to amend within the applicable statute of limitations. She explained that she "does not rely on the relation back doctrine as precedent for her right to file an amended opinion letter. Quite to the contrary, plaintiff relies on this court's decision in *Gonzales*, which states in pertinent part: 'Not only does § 52-190a not prohibit amendments, but judicial economy and justice support allowing amendments in cases, like this one, where a legally insufficient opinion letter in a seemingly nonfrivolous medical malpractice claim can be easily cured by amendment within a short time frame.' [*Gonzales* v. *Langdon*, supra, 161 Conn. App. 521]." When read in context, however, that portion of *Gonzales* clearly pertained to cases allowing amendments filed *before the expiration of the statute of limitations*. The court reasoned that, "[a]llowing amendments filed after the thirty days to amend as of right but before the statute of limitations period has run favors judicial economy . . . [because dismissal] for lack of a legally sufficient opinion letter . . . is without prejudice, and *even if the statute of limitations has run*, relief may well be available under the accidental failure of suit statute . . . . Thus, if a plaintiff is unable to amend the original opinion letter during this time frame, the action would be dismissed without prejudice and could be filed anew, either within the statute of limitations or pursuant to the accidental failure of suit statute." (Citation omitted; emphasis added; internal quotation marks omitted.) Id., 519–20.

We agree with the trial court that the plaintiff's reliance on *Gonzales* is misplaced. The holding in *Gonzales* permits amendments to legally insufficient opinion letters only if they are sought prior to the expiration of the statute of limitations. Otherwise, *Gonzales* suggests that a plaintiff's only vehicle for saving his improperly pleaded action, after its mandatory dismissal as required by statute, is to refile the action with a proper, amended opinion letter under the accidental failure of suit statute. To hold that an amendment can be permitted after the expiration of the statute of limitations on the theory that the amended pleading relates back to the date of the filing of the improperly pleaded action would render all references to the statute of limitations and the accidental failure of suit statute in *Gonzales* irrelevant, for under that analysis, every amendment,

however unseasonable, would relate back to the date of the original complaint without need for invoking, or thus complying with, the requirements of the accidental failure of suit statute. The plaintiff has not provided any appellate authority supporting such an expansion of this court's ruling in *Gonzales*, and thus we are disinclined to permit one, for such an approach to actions supported by insufficient opinion letters would be fundamentally inconsistent with that taken by the legislature in mandating the dismissal of such actions for lack of personal jurisdiction. Because actions dismissed for want of personal jurisdiction after the expiration of the statute of limitations can be saved if they are timely refiled in proper form under the accidental failure of suit statute, the legislature plainly contemplated that a malpractice action dismissed for not being supported by a qualifying opinion letter could be saved under that same statute, after the expiration of the statute of limitations, by refiling it along with a proper opinion letter. That procedure would be circumvented by allowing insufficient opinion letters to be amended after the expiration of the statute of limitations. We thus conclude that the trial court did not err in denying the plaintiff's request for leave to amend or in dismissing her claim against the hospital for lack of personal jurisdiction.

II

The plaintiff also challenges the judgment of nonsuit entered in favor of Macaron. Specifically, she claims that the court erred in denying her motion to reargue the court's denial of her motion to set aside the judgment of nonsuit. We disagree.

In denying the plaintiff's motion to reargue the denial of her motion to set aside the judgment of nonsuit, the trial court set forth the following relevant procedural history. "On September 21, 2015, Macaron filed a notice stating that he had directed interrogatories and requests for production to the plaintiff (discovery request). . . . The plaintiff did not seek an extension of time to respond or file objections thereto within the requisite thirty day period. See Practice Book [(2015)] §§ 13-7 and 13-10. Thus, pursuant to the Practice Book, discovery responses were due in October 2015.

"When discovery responses were not received, Macaron filed a motion for [a] nonsuit. . . . The plaintiff did not respond to this motion. In its order dated November 9, 2015 . . . the court afforded the plaintiff additional time to comply with the discovery request and stated: Discovery compliance by December 4, 2015, is directed. If compliance does not occur, the movant may apprise the court by motion and a nonsuit may be considered. Thus, the plaintiff was put on notice that compliance was required and that failure to comply could result in a nonsuit.

"On December 7, 2015, Macaron filed a motion for [an] order . . . in which he stated that the plaintiff had failed to comply with the court's order by again failing to provide discovery responses. Macaron again moved for a nonsuit. The plaintiff filed no response to this second motion for [a] nonsuit and did not provide discovery responses before the court considered the motion.

"By order dated December 21, 2015 . . . the court noted that discovery compliance is necessary to afford a defendant a fair opportunity to prepare a defense and, in the exercise of its discretion, found that a nonsuit was warranted. The court also stated, [i]f compliance occurs by January 15, 2016, the court would consider setting aside the nonsuit. . . .

"On December 30, 2015, the plaintiff filed a notice of compliance . . . in which she stated that she had complied with the court's December 21, 2015 order by furnishing her discovery responses. On the same date, she filed her motion to set aside . . . . Therein, she stated that she had provided good faith compliance with the order weeks before it was due and that the defendant is simply not prejudiced by the timing of the disclosure. . . .

"On January 6, 2016, Macaron filed his objection to the plaintiff's motion to set aside and his motion for costs. . . . Therein, Macaron asserted that the plaintiff had failed to answer interrogatories 75 [through] 78, pertaining to expert witnesses, by stating that she would provide the requested information in a timely fashion in accordance with any case specific scheduling order or similar discovery order and the rules of practice. . . . This response by the plaintiff ignored this court's two previous orders, discussed above, in which the plaintiff was specifically directed to provide discovery compliance. In addition, Macaron cited other alleged deficiencies in the responses. . . .

"The plaintiff and codefendant Saint Mary's Hospital, Inc., submitted a proposed scheduling order . . . which was filed on January 7, 2016. This proposed scheduling order was not signed by Macaron's counsel and has not been approved by the court.

"On January 15, 2016, the plaintiff filed a notice of supplemental compliance, objections to Macaron's interrogatories, and a reply to Macaron's objection to the motion to set aside. . . . In the objections to the interrogatories concerning expert witnesses, the plaintiff states that she [o]bjects on the grounds that the scheduling order trumps the interrogatory request and provides until April 1, 2017, to do so. . . . As stated above, the proposed scheduling order has not been approved by the court. It is not a court order. . . .

"The plaintiff does not challenge the court's previous entry of a nonsuit as to her claims against Macaron.

Although she did not do so previously, and although, as stated above, she previously filed no objections to Macaron's motions for [a] nonsuit, the plaintiff, in her motion for reargument, contends for the first time that the entry of a nonsuit was improper." (Citations omitted; internal quotation marks omitted.)

By way of a memorandum of decision dated June 8, 2016, the court denied the plaintiff's motion to reargue the court's March 2, 2016 denial of her motion to set aside the nonsuit. In so doing, the court explained, inter alia: "Previous to the entry of the nonsuit on December 21, 2015, [the plaintiff] had a complete opportunity to oppose it. Also, as stated above, in the court's order dated November 9, 2015 . . . she was specifically put on notice that a nonsuit would be considered if she did not comply with Macaron's discovery request. As stated above, she filed no objections to Macaron's two motions seeking the entry of a nonsuit, including Macaron's December 7, 2015 motion . . . .

"The plaintiff's failure to oppose the entry of a nonsuit may not result in later reconsideration of the decision to enter a nonsuit after she received an adverse decision on her motion to set aside.

"Prior to granting the unopposed motion for the entry of a nonsuit, the court afforded the plaintiff additional time to comply with the discovery requests, but the plaintiff did not fully comply. The entry of a nonsuit was a result of the plaintiff's own failure to respond to motions and to comply with court orders. This consequence was a result of the plaintiff's own conduct; no injustice was involved. . . ."

"Thus, in the court's order, the plaintiff was explicitly put on notice of the governing statute and Practice Book section by reference to Supreme Court authority.

"The plaintiff also asserts that she was not apprised by the court that the entry of the nonsuit required her to immediately disclose her expert witnesses. . . . To the contrary, the court's orders . . . specifically directed her to comply with Macaron's discovery requests, which included interrogatories concerning experts.

"The court's order was clear. It stated that the court would consider setting aside the nonsuit if discovery compliance occurred by January 15, 2016. The plaintiff did not seek clarification. In support of her motion to set aside the nonsuit, she did not claim that the order was unclear. Her belated argument that the court's order was unclear is a prohibited attempt at a 'second bite of the apple.' " (Citations omitted.)

The court further explained: "[The] plaintiff's] recitation of events . . . omits her failure to respond to the defendant's initial motion for [a] nonsuit . . . . It also ignores the plaintiff's failure to comply with the court's order dated November 9, 2015 . . . in which the court

afforded her additional time to comply, up to December 4, 2015. As stated above, in that order, the plaintiff was put on notice that if compliance did not occur, a nonsuit could result. The plaintiff has ignored [her] obligation to present [her] reason for the delay with any degree of particularity. . . .

"The plaintiff characterizes her omissions as meeting the definition of oversight, but not amounting to inattention. . . . [B]oth oversight and inattention are . . . synonyms for neglect or negligence. The plaintiff's failures to provide timely responses to the discovery requests and her failures to comply with the court's orders do not amount to a showing that she was prevented from prosecuting her action by mistake, accident, or other reasonable cause." (Citations omitted.)

Finally, even though the plaintiff claimed for the first time in her motion to reargue that the nonsuit was disproportionate to her offenses, and thus that the court was not required to address it, it did so, explaining, inter alia: "First, the plaintiff mischaracterizes the history of this matter by asserting that the record is completely silent as to whether the court exercised its discretion with due caution and restraint in ordering the nonsuit and that the order was entered after she had complied with a total of 217 requests by the deadline set by the court. . . .

"To the contrary, the court's order, dated December 21, 2015 . . . specified that the plaintiff had filed no objection to the entry of a nonsuit, and had not complied with the court's order of November 9, 2015, directing discovery compliance by December 4, 2015 . . . . No discovery compliance had occurred when the nonsuit was granted. In addition, the court's order specifically referenced the exercise of discretion and cited *Wyszomierski* v. *Siracusa*, 290 Conn. 225, 235, 963 A.2d 943 (2009), where the court stated, [i]n order for a trial court's order of sanctions for violation of a discovery order to withstand scrutiny, three requirements must be met: First, the order to be complied with must be reasonably clear. . . . Second, the record must establish that the order was in fact violated. . . . Third, the sanction imposed must be proportional to the violation. . . .

"Second, the plaintiff mischaracterizes the history of this matter by asserting that when she failed to comply with the court's November 9, 2015 order, it [was] the only order in the entire case that [the] [p]laintiff missed. . . . To the contrary, as discussed in the court's decision on the motion to set aside the nonsuit . . . the court also found that she had not fully complied with the court's order of December 21, 2015. . . .

"Under the circumstances here, the three requirements for sanctions for violation of a discovery order to withstand scrutiny are met. First, as discussed above,

the court's orders were clear. Also, as discussed above, the record establishes that the plaintiff violated two court orders . . . and that the violation continues, since the plaintiff still has not provided responses to the discovery requests concerning her experts. . . .

"In its December 21, 2015 order, the court exercised its discretion mindful of Connecticut's policy which favors bringing about a trial on the merits of a dispute wherever possible and to secure for litigants their day in court. . . .

"Integral to that process is discovery compliance. . . . When the court found that a nonsuit was warranted, the plaintiff had failed to comply with the court's November 9, 2015 order directing her to comply and the court noted that no discovery compliance had occurred. As the record reflects, in its orders, the court previously provided the plaintiff with extensions of time for compliance. In ordering a nonsuit, the court noted that it would consider setting aside the nonsuit if compliance occurred.

"Here . . . the plaintiff's belated discovery responses remained incomplete even after the court afforded the plaintiff an additional opportunity to comply by stating that it would consider setting aside the nonsuit if compliance occurred. In her memorandum [of law] . . . the plaintiff again argues that, based on Practice Book § 13-4 (g), she was not required to comply with Macaron's interrogatories concerning her experts.

"The court previously addressed this contention . . . stating that her objections to the interrogatories were untimely and that her reliance on Practice Book § 13-4 (g) was misplaced, since the court had ordered compliance. Having failed to object to the interrogatories in a timely manner, she was required to respond to them. The court's orders directed her to comply. Under the circumstances, Practice Book § 13-4 (g) is inapplicable.

"Thus, the plaintiff's argument that, in its December 21, 2015 order . . . the court effectively imposed a deadline of January 15, 2016, for expert disclosure with no notice is unfounded. As she acknowledges . . . Macaron served his discovery request, including the interrogatories concerning experts, on September 21, 2015. Responses were due thirty days later. . . . The court's orders subsequently directed the plaintiff to comply.

"The plaintiff belatedly provided compliance with respect to many of Macaron's requests. However, after failing to timely object and waiving her right to object, and in defiance of the court's orders, she steadfastly refuses to provide discovery responses concerning experts. Review of the plaintiff's motion for reargument shows that her discovery responses still remain incomplete, notwithstanding this court's orders. . . .

"As discussed above, here, noncompliance was not caused by inability. No mitigating factors are present. . . . Further . . . the plaintiff's failure to respond to the discovery requests and the violations of the court's orders were not isolated events. . . . Rather, they evidence a pattern of noncompliance. . . . In view of the history of noncompliance, the court concludes that such conduct would persist. . . .

"The information that was sought is central to the plaintiff's claims. The plaintiff's continued failure to fully comply evidences a lack of due regard to necessary rules of procedure. . . . Lack of full compliance prejudices the defendant's ability to investigate the plaintiff's claims and to prepare a defense. . . .

"The plaintiff had ample, and extended, time to fully comply, but did not do so within the deadlines set by the court, and still has not done so. . . .

"In the exercise of its discretion, the court found that a nonsuit was an appropriate sanction. A court should not set aside a nonsuit where a party simply chose to ignore the court's authority. . . .

"The plaintiff may not be permitted to continue not complying with the court's orders. In so doing, the progress of this matter has been inexcusably delayed. . . . At this juncture, nonsuit remains warranted as the only reasonable remedy available to vindicate the legitimate interests of the defendant and the court." (Citations omitted; internal quotation marks omitted.) The court thus denied the plaintiff's motion to reargue. This appeal followed.[5]

"The standard of review for a court's denial of a motion to reargue is abuse of discretion. . . . Likewise, [t]he determination of whether to set aside [a] default [or nonsuit] is within the discretion of the trial court . . . and will not be disturbed unless that discretion has been abused or where injustice will result. In the exercise of its discretion, the trial court may consider not only the presence of mistake, accident, inadvertence, misfortune or other reasonable cause . . . factors such as [t]he seriousness of the default, its duration, the reasons for it and the degree of contumacy involved . . . but also, the totality of the circumstances, including whether the delay has caused prejudice to the nondefaulting party." (Citation omitted; internal quotation marks omitted.) *Spatta* v. *American Classic Cars, LLC,* 150 Conn. App. 20, 27, 90 A.3d 318, cert. denied, 312 Conn. 919, 94 A.3d 640 (2014).

As aptly recounted by the trial court, the plaintiff was afforded multiple opportunities to properly respond to Macaron's discovery requests, and its orders that she comply with those requests. At every turn, the plaintiff failed to do either. In light of the court's thorough and well reasoned memorandum of decision, as substantially quoted previously, we conclude that the court did

not abuse its discretion in denying the plaintiff's motion to reargue the denial of her motion to set aside the judgment of nonsuit.[6]

The judgments are affirmed.

In this opinion the other judges concurred.

[1] As to Macaron, the plaintiff initially appealed from the judgment of nonsuit and the denial of her motion to set aside the judgment of nonsuit. Macaron filed a motion to dismiss the appeal from the judgment of nonsuit for untimeliness. This court granted the motion to dismiss the appeal from the judgment of nonsuit. The plaintiff's appeal from the denial of the motion to reargue the motion to set aside the nonsuit is now before us.

[2] General Statutes § 52-190a (b) provides: "Upon petition to the clerk of the court where the civil action will be filed to recover damages resulting from personal injury or wrongful death, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section. This period shall be in addition to other tolling periods."

[3] Macaron also filed a motion to dismiss, but did not pursue it.

[4] The trial court agreed to consider the plaintiff's objection despite her failure to timely file it within thirty days as required by Practice Book § 10-31.

[5] The plaintiff filed this appeal on June 23, 2016. On July 1, 2016, the plaintiff filed a motion to open the judgment of nonsuit, which the court denied on July 26, 2016. The plaintiff has not challenged that ruling on appeal.

[6] On page fourteen of her fourteen page brief to this court, in the portion of her brief that is titled, "Conclusion and Statement of Relief Sought," the plaintiff states, inter alia: "[The] [p]laintiff does not believe a judgment of nonsuit three months into the case for what amounts to a violation of one court order with compliance occurring mere days after the original deadline set and well before the second, with a trial date in January, 2018, meets the threshold set by the court in *Millbrook*." Not only does the plaintiff fail to provide the full name and legal citation of the case on which she relies, but she fails to state the "threshold" that she meets according to that case. This is the first and only time that the plaintiff even suggests that the sanction of a judgment of nonsuit might be disproportionate to her repeated violations. This lone sentence, which misstates the trial court's findings—which she has not challenged as clearly erroneous—is devoid of any legal analysis. The plaintiff's desultory, unexplicated reference to *Millbrook* cannot reasonably be construed as an adequately briefed legal argument.

———————————————