******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STEVEN V. PETERS, JR. *v.* UNITED COMMUNITY
AND FAMILY SERVICES, INC., ET AL.
(AC 39559)

DiPentima, C. J., and Prescott and Norcott, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant dental surgeon, R, arising out of the allegedly negligent performance of maxillofacial surgery. The plaintiff, pursuant to statute (§ 52-190a), appended to his complaint an opinion letter authored by a maxillofacial surgeon stating that there appeared to be evidence of medical negligence. The letter did not indicate whether the author was board certified. R filed a motion to dismiss the allegations directed toward him, claiming that the trial court lacked personal jurisdiction over him because the author was not a "similar health care provider" as defined by statute (§ 52-184c [c]). The plaintiff claimed that, although the letter was defective, he fully complied with § 52-190a because the author met all necessary qualifications at the time he wrote the letter. The plaintiff filed with his opposition to the motion to dismiss an affidavit from the author attesting to his board certification. The trial court declined to consider the affidavit, which was filed outside the relevant statute of limitations period, granted the motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Held* that the trial court properly granted R's motion to dismiss: although a plaintiff who files a legally insufficient opinion letter may, in certain instances, cure the defective opinion letter through amendment of the pleadings, thereby avoiding the need to file a new action, the plaintiff here did not attempt to cure the defective opinion letter by way of amendment of the pleadings and, instead, submitted the explanatory affidavit with his opposition to the motion to dismiss, after the expiration of the applicable statutes of limitations, because the opinion letter was defective in that it failed to indicate that the author was board certified in the same specialty as R, there was an adequate ground to dismiss the action pursuant to § 52-190a (c), and even if the affidavit submitted with the plaintiff's opposition to the motion to dismiss was functionally equivalent to a request for leave to file an amended opinion letter, that effort to cure the defect was made well after the statute of limitations had run; moreover, although the plaintiff factually distinguished the affidavit procedure that he employed from the procedure of filing amended pleadings, he failed to provide any legal analysis as to why the procedures should be treated differently for statute of limitations purposes, and it would have been illogical to conclude that the plaintiff could avoid dismissal by submitting an affidavit in lieu of an amendment, both of which would have been untimely.

Argued January 11—officially released June 19, 2018

*Procedural History*

Action to recover damages for the defendants' alleged medical malpractice, and for other relief, brought to the Superior Court in the judicial district of New London, where the court, *Vacchelli, J.*, granted the motion to dismiss filed by the defendant Edward Reynolds, Jr., and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Cody A. Layton*, for the appellant (plaintiff).

*Beverly Knapp Anderson*, for the appellee (defendant Edward Reynolds, Jr.).

*Opinion*

PRESCOTT, J. With the intent to deter the filing of frivolous medical malpractice actions, our legislature in 1986 adopted General Statutes § 52-190a, which makes malpractice actions subject to dismissal unless the plaintiff obtains and attaches to the complaint an opinion letter written and signed by a similar health care provider indicating that there appears to be evidence of medical negligence. The meaning and application of this requirement itself has spawned extensive litigation since its enactment.[1] This appeal is the latest iteration of this judicial journey.

The plaintiff, Steven V. Peters, Jr., commenced the underlying action for monetary damages arising out of the alleged negligent performance of maxillofacial surgery. He appeals from the judgment of the trial court dismissing, pursuant to § 52-190a (c),[2] count three of his action directed against the defendant, Edward Reynolds, Jr., DDS, because the opinion letter that the plaintiff attached to the complaint failed to provide that its author is board certified by the appropriate American board in the same specialty as the defendant.[3] The plaintiff claims on appeal that the trial court improperly relied on this court's decision in *Gonzales* v. *Langdon*, 161 Conn. App. 497, 128 A.3d 562 (2015), as the basis for its decision to reject the affidavit that he attached to his response to the motion to dismiss, in which he sought to clarify the credentials of the opinion letter's author. We conclude that, because the plaintiff's attempt to cure the defect in the opinion letter came after the relevant statute of limitations had run, the trial court properly granted the motion to dismiss on the basis of an inadequate opinion letter. Accordingly, we affirm the judgment of the trial court.

The following facts, as set forth in the complaint, and procedural history are relevant to our consideration of the plaintiff's claim. Beginning in August, 2012, the plaintiff sought dental treatment from United Community and Family Services, Inc. (UCFS) for a "full maxillary denture over a partial mandibular denture." The defendant was a "servant, agent, apparent agent . . . or employee" of UCFS, who "held himself out to the general public as a physician and surgeon duly licensed to practice medicine in the state of Connecticut, practicing in Norwich *and specializing in oral and maxillofacial surgery.*" (Emphasis added.) On September 19, 2012, the plaintiff underwent a procedure known as a decompression of a maxillary cyst. That procedure was performed by the defendant or by someone under his supervision. The plaintiff continued to receive treatment related to the cyst through October 11, 2013, at which time the plaintiff "became aware that there may have been a breach of the standard of care."

The plaintiff commenced the underlying action

against the defendant on January 7, 2016, within the applicable limitation period.[4] The complaint had a return date of February 9, 2016. In his complaint, the plaintiff alleges that, while under the defendant's treatment and care, he suffered serious, painful, and permanent injuries that required additional medical treatment, and that the defendant had failed "to exercise that degree of care and skill ordinarily and customarily used by physicians and surgeons specializing in oral and maxillofacial surgery . . . ."

Attached to the complaint was the requisite good faith certificate signed by the plaintiff's attorney and an opinion letter from a physician who asserts that he had reviewed the plaintiff's medical records and had conducted a clinical exam of the plaintiff. The opinion letter sets forth the author's educational and professional background, including that he graduated cum laude from the Harvard School of Dental Medicine in 1988, and currently is a craniofacial trauma surgeon at Hartford Hospital and the oral and maxillofacial surgeon for the Connecticut Children's Medical Center Craniofacial Team. The letter contains the author's opinion that the plaintiff's diagnosis and overall treatment involved "an extreme departure from the standard of care" and sets forth in some detail the factual underpinning for that opinion. The letter does not provide, however, whether the author is certified as a specialist by any American board.

On March 8, 2016, the defendant filed a motion to dismiss all allegations in the complaint directed against him on the ground that the opinion letter attached to the complaint did not fully comply with § 52-190a. The defendant claimed that the opinion letter was defective in two ways.

First, the defendant argued that the opinion letter failed to demonstrate that its author is a "similar health care provider" as that term is defined in General Statutes § 52-184c (c).[5] Specifically, the defendant argued that because the plaintiff brought the action against the defendant as a specialist in oral and maxillofacial surgery, the opinion letter's author needed to be "trained and experienced in the same [medical] specialty" as the defendant *and* had to be "certified by the appropriate American [b]oard in the same specialty." General Statutes § 52-184c (c). Because the opinion letter attached to the plaintiff's complaint did not provide whether the author was certified by the American board responsible for certifying oral and maxillofacial surgeons, the defendant argued that it was insufficient to demonstrate that the opinion provided was by a similar health care provider.

Second, the defendant argued that the letter contained no opinion of medical negligence with respect to the defendant because there was no express indication by the author that the defendant had provided any

treatment in violation of the standard of care. According to the defendant, the letter mentions him only in connection with his supervision of another physician, Jose Rivero; see footnote 3 of this opinion; but does not claim that the defendant's supervision was negligent or breached the standard of care.

On May 9, 2016, the plaintiff filed a memorandum of law in opposition to the defendant's motion to dismiss. The plaintiff argued that the opinion letter he attached to his complaint complies with the requirements set forth in § 52-190a. The plaintiff acknowledged that, due to the allegations in his complaint, he was required to secure an opinion letter from a similar health care provider that was *both* trained and experienced in the same specialty as the defendant *and* certified by the appropriate American board in the same specialty. The plaintiff, however, asserted that he fully complied with those requirements because the author of his opinion letter, in fact, met all necessary qualifications at the time he wrote his letter. According to the plaintiff, the author, in setting forth his credentials, inadvertently left out the fact that he was board certified.

The plaintiff argued that the Superior Court has, in other cases, allowed parties to cure similar defects by submitting an affidavit from the letter's author to supplement or clarify the original letter. The plaintiff attached to his opposition memorandum an affidavit executed on May 4, 2016, by the author of the opinion letter. In that affidavit, the author avers as follows: "I am certified by the American Board of Oral and Maxillofacial Surgery and have been continuously since October 1, 2008, through the present date, including November 25, 2015, the date I authored said opinion letter." A photocopy of his board certificate is attached to the affidavit. At no time, however, did the plaintiff seek permission to amend the complaint or to file an amended opinion letter.

The court heard argument on the motion to dismiss on July 25, 2016. The defendant argued, in relevant part, that in deciding whether the plaintiff had complied with § 52-190a, the court lacked the discretion to consider the affidavit that the plaintiff submitted with his opposition to the motion to dismiss because the plaintiff's attempt to cure the defect in the opinion letter came more than thirty days after the return date of the original complaint and, more importantly, after the statute of limitations had expired. The defendant cited this court's decision in *Gonzales* v. *Langdon*, supra, 161 Conn. App. 497, as supporting that proposition, relying on the following language: "[I]f a plaintiff alleging medical malpractice seeks to amend his or her complaint in order to amend the original opinion letter, or to substitute a new opinion letter for the original opinion letter, the trial court (1) must permit such an amendment if the plaintiff seeks to amend as of right within thirty days

of the return day and the action was brought within the statute of limitations, and (2) has discretion to permit such an amendment if the plaintiff seeks to amend within the applicable statute of limitations but more than thirty days after the return day. The court may abuse its discretion if it denies the plaintiff's request to amend despite the fact that the amendment would cure any and all defects in the original opinion letter and there is an absence of other independent reasons to deny permission for leave to amend." Id., 510.

The plaintiff responded that, at the time this action was commenced, the author of the opinion letter attached to the complaint met all of the statutory qualifications necessary to render an opinion as a similar health care provider. He admitted that the author inadvertently had failed to include in the letter that he was certified by the appropriate American board, but nevertheless took the position that this was not a fatal defect. The plaintiff argued that, pursuant to Practice Book § 10-31, which governs the filing of oppositions to motions to dismiss, courts may consider affidavits submitted with an opposition to resolve factual ambiguities in the record.[6] Thus, according to the plaintiff, the court properly could consider the affidavit that the plaintiff submitted to resolve in his favor the issue raised in the motion to dismiss with respect to the opinion letter. Moreover, the plaintiff argued that the Superior Court had, in other cases, permitted plaintiffs in medical malpractice actions to cure defects in an opinion letter by way of an affidavit rather than by formal amendment of the pleadings. The plaintiff attempted to distinguish our decision in *Gonzales*, arguing that its application was limited to if and when the court may allow amendments to the complaint or accept the submission of an entirely new opinion letter, and did not address or resolve whether, even after the statute of limitations had run, an affidavit might be sufficient to rectify a deficient opinion letter.

The trial court issued a decision on August 8, 2016, granting the defendant's motion and dismissing the third count of the complaint, without prejudice, on the ground that the required opinion letter was deficient because, as admitted by the plaintiff, it failed to state whether the author was board certified in the same specialty as the defendant.[7] The court first rejected the plaintiff's attempt to "stave off dismissal by arguing that it is questionable whether [§ 52-190a] requires that the author [of an opinion letter] describe how he purports to be a similar health care provider in the letter." The court concluded that that issue had been resolved by the Appellate Court in *Lucisano* v. *Bisson*, 132 Conn. App. 459, 466, 34 A.3d 983 (2011) ("[t]he only plausible application of the plain language of §§ 52-190a and 52-184c requires the disclosure of qualifications in the opinion letter"). The court then turned to whether it had authority to rely on the affidavit that the plaintiff had

attached to his opposition to the motion to dismiss as a means of curing a defect in the opinion letter. The court acknowledged the plaintiff's argument that "a long line of Superior Court decisions" have sanctioned the use of an explanatory affidavit under similar circumstances, "favorably comparing the affidavit procedure to Appellate Court language sanctioning the curing of such defects by amendment practice, available under Practice Book § 10-60."[8]

The court concluded, however, that it was unnecessary for it to resolve whether the defective opinion letter was amenable to correction through the filing of an affidavit as opposed to the filing of an amended pleading. The court determined that, because the statute of limitations had run, neither procedure was a viable option. It reasoned as follows: "The court is not persuaded that the plaintiff's affidavit should be exempt from the *Gonzales* v. *Langdon* rule. The reason why affidavits have been allowed is because they are compared favorably to Appellate Court authority allowing amendments. [Because] any amendment that sought to supply this missing necessary information would be too late, so too would be an affidavit that sought to accomplish the same thing."

The court also rejected the plaintiff's argument that the defect in his opinion letter was merely circumstantial in nature and, thus, excusable. See General Statutes § 52-123 ("[n]o writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court"). The court explained that "[t]he designation of circumstantial defect is reserved for defects that are not substantive or jurisdiction[al] in nature," and that the failure to provide an opinion letter that complies with statutory requirements constitutes insufficient process, thus implicating the court's personal jurisdiction. See *Morgan* v. *Hartford Hospital*, 301 Conn. 388, 402, 21 A.3d 451 (2011). The court concluded that, because the defect at issue was jurisdictional in nature, it was not circumstantial. Accordingly, the court granted the defendant's motion to dismiss. This appeal followed.

The sole issue raised by the plaintiff on appeal is whether the trial court, in ruling on the motion to dismiss, correctly determined that our decision in *Gonzales* v. *Langdon*, supra, 161 Conn. App. 497, barred it from considering the affidavit that he had attached to his opposition to the motion to dismiss in an effort to cure the defect in the opinion letter attached to his complaint. The plaintiff concedes, as he did before the trial court, that, on the basis of the allegations alleged in his complaint, he was required by statute to provide an opinion letter from a doctor who not only is trained

in oral and maxillofacial surgery, but also is board certified in that specialty. He further concedes that, although the author of the opinion letter had all the necessary bona fides, they were not set forth in the opinion letter attached to his complaint. Nevertheless, the plaintiff argues that the court should have permitted him to avoid dismissal of his action by accepting an affidavit from the author clarifying his credentials. We are not persuaded and agree with the trial court that, regardless of the procedure the plaintiff elected to employ to correct the admittedly defective opinion letter, the plaintiff's efforts came after the statute of limitations had expired. Accordingly, the court was obligated to grant the defendant's motion and dismiss the action.

Our standard of review in an appeal challenging the granting of a motion to dismiss is well settled. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a . . . question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) *Bennett* v. *New Milford Hospital, Inc.*, 300 Conn. 1, 10–11, 12 A.3d 865 (2011).

As previously indicated, § 52-190a was enacted by the legislature as part of tort reform efforts in 1986 and was intended to help screen out frivolous malpractice actions. See *Plante* v. *Charlotte Hungerford Hospital*, 300 Conn. 33, 53, 12 A.3d 885 (2011). Subsection (a) of § 52-190a provides in relevant part: "No civil action or apportionment complaint shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action or apportionment complaint has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. . . . [T]he claimant or the claimant's attorney . . . shall obtain a written and signed opinion of a similar health care provider, as defined in section 52-184c, which similar health care provider shall be selected pursuant to the provisions of said section, that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. . . ."

Furthermore, "§ 52-190a (c) requires the dismissal of medical malpractice complaints that are not supported by opinion letters authored by similar health care providers." *Bennett* v. *New Milford Hospital, Inc.*, supra, 300 Conn. 25; see also *Morgan* v. *Hartford Hospital*, supra, 301 Conn. 401–402 ("[T]he attachment of a written opinion letter that does not comply with § 52-190a constitutes insufficient process and, thus, service of that insufficient process does not subject the defendant to the jurisdiction of the court. . . . The jurisdiction that is found lacking, however, is jurisdiction over the person, not the subject matter." [Citation omitted; internal quotation marks omitted.]).

In *Bennett* v. *New Milford Hospital, Inc.*, supra, 300 Conn. 21, our Supreme Court indicated that in any case in which the plaintiff alleges in his complaint that a defendant is board certified in a particular specialty or holds himself out as a specialist, "the author of an opinion letter pursuant to § 52-190a (a) must be a similar health care provider as that term is defined by § 52-184c (c), regardless of his or her potential qualifications to testify at trial pursuant to § 52-184c (d)." It also indicated that, although dismissal of an action for relatively insignificant defects in an opinion letter might, at first blush, appear to be a harsh result for plaintiffs; id., 30–31; "plaintiffs are not without recourse when facing dismissal occasioned by an otherwise minor procedural lapse" because "the legislature envisioned the dismissal as being without prejudice . . . and even if the statute of limitations has run, relief may well be available under the accidental failure of suit statute, General Statutes § 52-592." (Citation omitted.) Id., 31.

In *Gonzales* v. *Langdon*, supra, 161 Conn. App. 510, this court recognized an additional avenue of recourse available to plaintiffs to correct defects in an existing opinion letter. We held, as a matter of first impression, that a plaintiff who files a legally insufficient opinion letter may, in certain instances, cure the defective opinion letter through amendment of the pleadings, thereby avoiding the need to file a new action. Specifically, we stated that "if a plaintiff alleging medical malpractice seeks to amend his or her complaint in order to amend the original opinion letter, or to substitute a new opinion letter for the original opinion letter, the trial court (1) must permit such an amendment if the plaintiff seeks to amend as of right within thirty days of the return day *and the action was brought within the statute of limitations*, and (2) has discretion to permit such an amendment if the plaintiff *seeks to amend within the applicable statute of limitations* but more than thirty days after the return day. The court may abuse its discretion if it denies the plaintiff's request to amend despite the fact that the amendment would cure any and all defects in the original opinion letter *and there is an absence of other independent reasons to deny*

*permission for leave to amend.*" (Emphasis added.) Id.

In *Gonzales*, this court reasoned that "[t]he legislative purpose of § 52-190a (a) is not undermined by allowing a plaintiff leave to amend his or her opinion letter or to substitute in a new opinion letter if the plaintiff did file, in good faith, an opinion letter with the original complaint, and later seeks to cure a defect in that letter *within the statute of limitations*. Amending within this time frame typically will not prejudice the defendant or unduly delay the action." (Emphasis added.) Id., 519. Furthermore, the court explained that allowing the correction of a defective opinion letter under the circumstances prescribed favors judicial economy. Id.

In light of the numerous references in *Gonzales* to the statute of limitations, we conclude that the court intended to limit the scope of its newly recognized remedy to those curative efforts initiated prior to the running of the statute of limitations. Logically, it follows that a plaintiff who fails to seek to correct a defective opinion letter within the statute of limitations period will be limited to the remedy previously identified by our Supreme Court in *Bennett*, namely, seeking to file a new action pursuant to § 52-592, the accidental failure of suit statute.

In *Ugalde* v. *Saint Mary's Hospital, Inc.*, 182 Conn. App. 1,      A.3d      (2018), this court recently had an opportunity to discuss the scope of the remedy recognized in *Gonzales*, stating that "[t]he holding in *Gonzales* permits amendments to legally insufficient opinion letters *only if they are sought prior to the expiration of the statute of limitations*." (Emphasis added.) Id., 12. This court, in *Ugalde*, determined that an amendment filed after the limitations period had run did not comply with the *Gonzales* rule and could not be saved by invoking the relation back doctrine. Id., 9–12. "To hold that an amendment can be permitted after the expiration of the statute of limitations on the theory that the amended pleading relates back to the date of the filing of the improperly pleaded action would render all references to the statute of limitations and the accidental failure of suit statute in *Gonzales* irrelevant, for under that analysis, every amendment, however unseasonable, would relate back to the date of the original complaint without need for invoking, or thus complying with, the requirements of the accidental failure of suit statute." Id., 12.

The plaintiff in the present case takes the position that *Gonzales* applies only in those cases in which a plaintiff has sought to cure a defective opinion letter by way of an amendment of the pleadings, and suggests that a plaintiff can evade the clear limits set forth in *Gonzales* by submitting an explanatory or clarifying affidavit in lieu of amendment, even after the limitations period has expired. Just as this court rejected the plaintiff's attempt in *Ugalde* to evade the statute of limita-

tions problem that existed in that case by invoking the relation back doctrine, we reject the plaintiff's attempt to limit or distinguish *Gonzales* in the present case.

As an initial matter, we recognize that certain Superior Court decisions provide some authority for permitting a plaintiff to cure a defective opinion letter by supplemental affidavit rather than by following the amendment procedures set forth in Practice Book §§ 10-59 and 10-60.[9] See footnote 8 of this opinion. The Superior Court decisions that have permitted affidavits, however, have done so largely upon a theory that if a plaintiff is permitted to correct a defective opinion letter by amending the pleadings, it would be equally reasonable for a court to permit and consider an affidavit that clarifies a defect in an existing opinion letter. No appellate court to date has sanctioned the use of an affidavit to cure a defective opinion letter. The plaintiff, in his brief to this court, seeks to establish that the use of an explanatory or supplemental affidavit to cure a defect in an opinion letter in response to a motion to dismiss comports with language in Practice Book § 10-31 (a) permitting supporting affidavits to establish facts necessary for the adjudication of the motion to dismiss. Because our resolution of the present appeal does not turn on whether we agree with that analysis, we leave that issue for another day.[10]

On the basis of our plenary review, we agree with the trial court's decision to grant the defendant's motion to dismiss. There is no question that the opinion letter attached to the plaintiff's complaint was defective. The letter did not establish on its face that its author was a similar health care provider as that term is defined in § 52-184c (c) because the author never indicated that he was board certified in the same specialty as the defendant. Because the opinion letter was defective, this provided an adequate ground to dismiss the action pursuant to § 52-190a (c). Furthermore, the statute of limitations for bringing a medical malpractice action against the defendant expired, at the latest, on January 9, 2016. See footnote 4 of this opinion. The plaintiff took no action to cure the defect in the opinion letter until May 9, 2016, when, in response to a motion to dismiss filed by the defendant, he offered a supplemental affidavit from the letter's author. Even if we assume, for the sake of argument, that the affidavit submitted by the plaintiff was functionally equivalent to a request for leave to file an amended opinion letter, this effort to cure the defect was made well after the statute of limitations had run. Although the plaintiff factually distinguishes the affidavit procedure that he employed from the amendment procedure discussed in *Gonzales*, he has failed to provide any legal analysis why the two procedures should be treated differently for statute of limitations purposes. It simply would be illogical and an unwarranted circumvention of our decision in *Gonzales* to conclude that a plaintiff could avoid dismissal

by submitting an affidavit in lieu of an amendment. As the trial court aptly indicated, because "any amendment that sought to supply [the] missing necessary information would be too late, so too would be an affidavit that sought to accomplish the same thing."

In sum, we conclude that the court properly applied our decision in *Gonzales* in granting the motion to dismiss. Regardless of the type of procedure a plaintiff elects to employ to cure a defect in an opinion letter filed in accordance with § 52-190a, that procedure must be initiated prior to the running of the statute of limitations. Otherwise the sole remedy available will be to initiate a new action, if possible, pursuant to § 52-592.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] A computer search for Connecticut cases citing § 52-190a yields almost a thousand results.

[2] General Statutes § 52-190a (c) provides: "The failure to obtain and file the written opinion required by subsection (a) of this section shall be grounds for the dismissal of the action."

[3] In addition to count three, which alleges negligence against Reynolds, the operative complaint contained four additional counts alleging negligence by United Community and Family Services, Inc. (UCFS); and other physicians, namely, Jose Rivero; Graham Garber, and John Doe. Because UCFS, Rivero, Garber and Doe have not participated in the present appeal, all references to the defendant in this opinion are to Reynolds, Jr., only. We note that the partial judgment on the complaint was final for purposes of appellate jurisdiction because it disposed of all causes of action brought against the defendant. See Practice Book § 63-1. Both Rivero and Garber also filed motions to dismiss the counts of the complaint directed at them, citing defects in the qualifications set forth in the opinion letter. Garber's motion, like Reynold's, was granted by the court, *Vacchelli, J.*, and the plaintiff filed a separate appeal from the judgment in favor of Garber (AC 40645). Rivero's motion to dismiss, however, was heard by the court, *Cole-Chu, J.*, who declined to follow the reasoning of Judge Vacchelli and denied the motion. Accordingly, the present action remains pending before the Superior Court with respect to the counts against UCFS and Rivero.

[4] General Statutes § 52-584 provides that the statute of limitations for a medical malpractice action is "two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ." Here, the two year limitation period began to run on October 11, 2013, the date the plaintiff alleges he first became aware of the defendant's negligence. The plaintiff petitioned the clerk of the court pursuant to § 52-190a (b) for an automatic ninety day extension of the limitation period, which was granted. Accordingly, the two year limitation period expired on January 9, 2016. The defendant was served process on January 7, 2016. Even if we assume, however, that the act or omission complained of was the decompression procedure that occurred on September 19, 2012, the action also needed to be brought within three year from that date. Accounting for the ninety day extension, the three year limitation period expired on December 18, 2015. Although the defendant was not served process until January 7, 2016, the affidavit attached to the marshal's return indicates that the marshal personally received the writ, summons and complaint on December 18, 2015. General Statutes § 52-593a provides that a cause of action will not be lost on statute of limitations ground if "the process to be served is personally delivered to a state marshal . . . within [the limitation period] and the process is served, as provided by law, within thirty days of the delivery." The defendant was served twenty days after the marshal took delivery. Thus, using either calculation of the limitation period, the present action was commenced within the applicable period, which expired, at the latest, on January 9, 2016.

[5] Section 52-190a (a) provides that the term, "similar health care provider," is defined in § 52-184c. Section 52-184c contains the following definitions:

"(b) If the defendant health care provider is not certified by the appropriate American board as being a specialist, is not trained and experienced in a medical specialty, or does not hold himself out as a specialist, a 'similar health care provider' is one who: (1) Is licensed by the appropriate regulatory agency of this state or another state requiring the same or greater qualifications; and (2) is trained and experienced in the same discipline or school of practice and such training and experience shall be as a result of the active involvement in the practice or teaching of medicine within the five-year period before the incident giving rise to the claim.

"(c) If the defendant health care provider is certified by the appropriate American board as a specialist, is trained and experienced in a medical specialty, or holds himself out as a specialist, a 'similar health care provider' is one who: (1) Is trained and experienced in the same specialty; and (2) is certified by the appropriate American board in the same specialty; provided if the defendant health care provider is providing treatment or diagnosis for a condition which is not within his specialty, a specialist trained in the treatment or diagnosis for that condition shall be considered a 'similar health care provider'."

[6] Practice Book § 10-31 (a) provides: "Any adverse party shall have thirty days from the filing of the motion to dismiss to respond to the motion to dismiss by filing and serving in accordance with [§§] 10-12 through 10-17 a memorandum of law in opposition and, where appropriate, supporting affidavits as to facts not apparent on the record."

[7] At the start of its decision, the court indicated that it had not based its decision to grant the motion to dismiss on the defendant's claim that the letter failed adequately to allege medical negligence by the defendant. The court nevertheless later analyzed this claim and rejected it, concluding that the information provided in the letter was sufficient to satisfy the requirement that the opinion letter set forth a "detailed basis" for the opinion that there appears to be evidence of medical negligence attributable to the defendant. On appeal, the defendant argues that the lack of a proper opinion of medical negligence as to him provides an alternative ground on which to affirm the court's decision to grant the motion to dismiss. Because we affirm the court's judgment on the basis that the letter failed to demonstrate that the author was a similar health care provider, we do not address whether the letter was deficient in other ways or whether the alternative ground actually was decided and, thus, preserved for appellate review. See *Perez-Dickson* v. *Bridgeport*, 304 Conn. 483, 498–99, 43 A.3d 69 (2012) (rule that appellate courts generally will not consider claims not actually raised to and decided by trial court applies equally to alternative grounds for affirmance).

[8] By way of example, the court cited to *Field* v. *Lawrence & Memorial Hospital*, Superior Court, judicial district of New London, Docket No. CV-14-6019542-S (June 10, 2014, *Devine, J.*) (58 Conn. L. Rptr. 308), and *Jaboin* v. *Bridgeport Hospital*, Superior Court, judicial district of Fairfield, Docket No. CV-09-5023443-S (September 11, 2009, *Bellis, J.*) (48 Conn. L. Rptr. 469). In *Jaboin*, the court reasoned that "[i]f the Appellate Court has given a trial court the authority to allow a plaintiff to amend the complaint to add an opinion letter, it seems reasonable that the court could consider [an] affidavit that explains [a]n existing opinion letter." *Jaboin* v. *Bridgeport Hospital*, supra, 473 n.3.

[9] Practice Book § 10-59 provides in relevant part: "The plaintiff may amend any defect, mistake or informality in the writ, complaint or petition and insert new counts in the complaint, which might have been originally inserted therein, without costs, during the first thirty days after the return day. . . ."

Practice Book § 10-60 (a) provides in relevant part: "[A] party may amend his or her pleadings or other parts of the record or proceedings at any time subsequent to that stated in [Practice Book § 10-59] in the following manner:

"(1) By order of judicial authority; or

"(2) By written consent of the adverse party; or

"(3) By filing a request for leave to file an amendment together with: (A) the amended pleading or other parts of the record or proceedings, and (B) an additional document showing the portion or portions of the original pleading or other parts of the record or proceedings with the added language underlined and the deleted language stricken through or bracketed. . . ."

[10] In *Gonzales* v. *Langdon*, supra, 161 Conn. App. 510, this court sanctioned the use of amended pleadings to correct a defect in an existing opinion letter, largely resolving a split in the Superior Court arising from dicta in *Votre* v. *Country Obstetrics & Gynecology Group P.C.*, 113 Conn. App. 569, 585, 966 A.2d 813, cert. denied, 292 Conn. 911, 973 A.2d 661 (2009). See *Bennett* v. *New Milford Hospital, Inc.*, supra, 300 Conn. 30–31 n.17; see

also *Liu* v. *Yale Medical Group*, Superior Court, judicial district of New Haven, Docket No. CV-14-6050183-S (February 18, 2015), and cases cited therein. Although at this juncture it would seem prudent for a plaintiff to follow the corrective measures approved in *Gonzales*, we do not decide at this time whether a trial court has the authority to permit alternative procedures, such as the use of a clarifying affidavit, to remedy a defective opinion letter.

---