******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# LORI BARNES ET AL. *v.* GREENWICH HOSPITAL ET AL.
## (AC 44055)

Prescott, Suarez and Bear, Js.

*Syllabus*

The plaintiffs, L and her husband, sought to recover damages from the defendant physician, Z, her employer, and a hospital for, inter alia, injuries L sustained during a colonoscopy procedure performed by Z. The plaintiffs failed to attach an opinion letter written and signed by a similar health care provider to their original complaint, as was required by the applicable statute (§ 52-190a), and the defendants filed motions to dismiss the complaint for that failure. In response, the plaintiffs filed an amended complaint as of right pursuant to the applicable rule of practice (§ 10-59), and attached such an opinion letter. The amended complaint was filed and the opinion letter was dated after the expiration of the applicable statute of limitations. Following oral argument, the trial court granted the defendants' motions to dismiss for lack of personal jurisdiction as a result of the plaintiffs' failure to attach an opinion letter to their original complaint. On the plaintiffs' appeal to this court, *held* that the trial court did not err in its decision to grant the defendants' motions to dismiss: the plaintiffs failed to comply with the requirement set forth in § 52-190a (a), as they did not attach an opinion letter to their original complaint, obtain an opinion letter prior to filing the action, or file the amended complaint prior to the expiration of the statute of limitations, and such noncompliance mandated dismissal of the action under § 52-190a (c) when it was timely raised by the defendants; moreover, the plaintiffs were not entitled to amend their deficient complaint as of right under the rule articulated in *Gonzales* v. *Langdon* (161 Conn. App. 497), because the scope of that remedy was limited to curative efforts initiated prior to the expiration of the statute of limitations, allowing only for the amendment or substitution of an existing opinion letter, and the plaintiffs' amendment instead sought to introduce a new opinion letter; furthermore, this court declined to extend *Gonzales* to permit the plaintiffs to cure the defect because it determined that doing so would have undermined the purpose of § 52-190a (a), which was to prevent frivolous medical malpractice actions by ensuring that there was a reasonable basis for filing a case.

Argued May 20—officially released September 14, 2021

*Procedural History*

Action to recover damages for medical malpractice, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Genuario, J.*, granted the defendants' motions to dismiss and rendered judgment thereon, from which the plaintiffs appealed to this court. *Affirmed.*

*Paul Ciarcia*, with whom, on the brief, was *Frank N. Peluso*, for the appellants (plaintiffs).

*Megan E. Bryson*, with whom, on the brief, was *Carol S. Doty*, for the appellee (named defendant).

*Diana M. Carlino*, for the appellees (defendant Felice Zwas et al.).

*Opinion*

PRESCOTT, J. This appeal arises out of a medical malpractice action brought by the plaintiffs, Lori Barnes (Barnes) and Ray Barnes,[1] against the defendants, Felice Zwas, Greenwich Hospital, and the Center for Gastrointestinal Medicine of Fairfield and Westchester, P.C. (Center for Gastrointestinal Medicine),[2] for an injury Barnes sustained during a colonoscopy procedure. The plaintiffs appeal from the judgment of the trial court dismissing their complaint for failure to attach a written opinion letter authored by a similar health care provider as required by General Statutes § 52-190a (a). On appeal, the plaintiffs claim that the trial court improperly granted the defendants' motions to dismiss for failure to comply with § 52-190a because the amended complaint filed by the plaintiffs as of right pursuant to Practice Book § 10-59,[3] to remedy their prior failure to attach a written opinion letter, was filed after the statute of limitations had expired and sought to attach an opinion letter that did not exist at the time the action was commenced.[4] We disagree with the plaintiffs' claim and affirm the judgment of the court.

On or about August 27, 2019,[5] the plaintiffs commenced the present action[6] against the defendants. The return date was September 10, 2019. The plaintiffs' complaint contained the following allegations. On June 14, 2017, Barnes underwent a colonoscopy procedure at the Center for Gastrointestinal Medicine. During the procedure, the physician, Zwas, punctured Barnes' colon. An ambulance took Barnes to Greenwich Hospital where she underwent emergency surgery, and she then remained in the intensive care unit for three days. Barnes continued to experience ongoing medical issues as a result of the puncture and underwent an additional surgical procedure in April, 2019, to address those issues.

In counts one and two of the complaint, the plaintiffs alleged that Barnes' injuries were caused by the defendants' failure to exercise reasonable care and that the medical treatment Barnes received was a deviation from the standard of care ordinarily required by such medical professionals. Ray Barnes further alleged, in count three, a loss of consortium claim. Although the plaintiffs attached to their complaint their attorney's good faith certificate of reasonable inquiry, they failed to attach an opinion letter written and signed by a similar health care provider as required by § 52-190a (a).

On September 20, 2019, Zwas and the Center for Gastrointestinal Medicine filed a motion to dismiss the complaint, pursuant to § 52-190a (c), for the failure to attach a written opinion letter of a similar health care provider. That same day, Greenwich Hospital also filed a motion to dismiss on identical grounds. The two motions primarily rely on the same substantive argu-

ments.[7]

On October 8, 2019, the plaintiffs responded by filing an amended complaint as of right, pursuant to Practice Book § 10-59, along with an opinion letter with an attached curriculum vitae.[8] The opinion letter is dated October 6, 2019. On October 21, 2019, Zwas and the Center for Gastrointestinal Medicine filed an objection to the amended complaint. On December 9, 2019, the plaintiffs filed a memorandum in opposition to the defendants' motions. The defendants filed replies. Oral argument on the motions to dismiss was heard at short calendar on January 27, 2020.

In a written memorandum of decision filed March 10, 2020, the court granted the defendants' motions to dismiss for lack of personal jurisdiction on the ground that the plaintiffs had failed to attach to the original complaint a written opinion letter of a similar health care provider as required by § 52-190a. The court further reasoned that the plaintiffs' attempt to cure the defect by amending the complaint pursuant to Practice Book § 10-59 and attaching an opinion letter dated October 6, 2019, was unavailing because the letter was obtained after the action commenced, after the defendants had filed their motions to dismiss, and after the applicable statute of limitations[9] had expired on September 12, 2019. In calculating the expiration of the statute of limitations, the court relied on the plaintiffs' allegation in their complaint that they received a ninety day extension pursuant to § 52-190a (b).[10] The court explained that, in the present case, the limitation period expired two years and ninety days after the date of the alleged injury.[11] This appeal followed.

The plaintiffs claim that the court improperly granted the defendants' motions to dismiss because the plaintiffs filed an amended complaint, as of right pursuant to Practice Book § 10-59, to which they attached the requisite opinion letter authored by a similar health care provider. Specifically, the plaintiffs maintain that, under *Gonzales* v. *Langdon*, 161 Conn. App. 497, 128 A.3d 562 (2015), when a plaintiff in a medical malpractice action seeks to amend his or her complaint as of right in order to attach the first and only opinion letter the plaintiff has obtained, such amendment can be sought after the statute of limitations has expired, and the letter itself need not have been in existence at the time the action was commenced nor prior to the expiration of the statute of limitations. We disagree.

The following legal principles guide our review. "Our standard of review in an appeal challenging the granting of a motion to dismiss is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a . . .

question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) *Peters* v. *United Community & Family Services, Inc.*, 182 Conn. App. 688, 699–700, 191 A.3d 195 (2018).[12]

Section 52-190a (a) provides in relevant part: "No civil action . . . shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action . . . has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. . . . [T]he claimant or the claimant's attorney . . . shall obtain a written and signed opinion of a similar health care provider, as defined in section 52-184c . . . that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. . . ." Moreover, § 52-190a (c) provides: "The failure to obtain and file the written opinion required by subsection (a) of this section shall be grounds for the dismissal of the action."

Our Supreme Court has recognized that "[§] 52-190a requires that the written opinion letter must have been *obtained prior to filing the action* and that the good faith certificate and opinion letter must be filed when the action commences." (Emphasis added.) *Morgan* v. *Hartford Hospital*, 301 Conn. 388, 396, 21 A.3d 451 (2011). "[T]he written opinion letter, prepared in accordance with the dictates of § 52-190a . . . is akin to a pleading that must be attached to the complaint in order to commence properly the action." Id., 398. "Our legislature . . . specifically authorized the dismissal of a medical malpractice action for the failure to attach an opinion letter to the complaint." *Kissel* v. *Center for Women's Health, P.C.*, 205 Conn. App. 394, 431,    A.3d    (2021).

"Because the purpose of § 52-190a is to require the opinion prior to commencement of an action, allowing a plaintiff to obtain such opinion after the action has been brought would vitiate the statute's purpose by subjecting a defendant to a claim without the proper substantiation that the statute requires." *Votre* v. *County Obstetrics & Gynecology Group, P.C.*, 113 Conn. App. 569, 585, 966 A.2d 813, cert. denied, 292 Conn. 911, 973 A.2d 661 (2009); id., 585–86 (The trial court properly dismissed a medical malpractice action where the plaintiff failed to attach a written opinion of

a similar health care provider to the complaint "because it is clear that no opinion existed at the time the action was commenced . . . . The plaintiff could not turn back the clock and attach by amendment an opinion of a similar health care provider that did not exist at the commencement of the action. . . . [Thus] the plaintiff did not and could not comply with the statutory mandate requiring that the written opinion letter be filed with the complaint when the action was commenced . . . ."); see also *Torres* v. *Carrese*, 149 Conn. App. 596, 611 n.14, 90 A.3d 256 ("[a]lthough the plaintiff may have obtained opinion letters from [similar health care providers] after the action commenced, after the defendants had filed their motions to dismiss, and after the statute of limitations had expired, the court may not consider those documents"), cert. denied, 312 Conn. 912, 93 A.3d 595 (2014).

As this court explained in *Peters*: "In *Gonzales* . . . this court recognized an . . . avenue of recourse available to plaintiffs to correct defects *in an existing opinion letter*. We held, as a matter of first impression, that a plaintiff who files a legally insufficient opinion letter may, in certain instances, cure the defective opinion letter through amendment of the pleadings, thereby avoiding the need to file a new action. Specifically, we stated that if a plaintiff alleging medical malpractice seeks to amend his or her complaint in order to amend the original opinion letter, or to substitute a new opinion letter for the original opinion letter, the trial court (1) must permit such an amendment if the plaintiff seeks to amend as of right within thirty days of the return day and the action was brought within the statute of limitations, and (2) has discretion to permit such an amendment if the plaintiff seeks to amend within the applicable statute of limitations but more than thirty days after the return day. . . .

"In *Gonzales*, this court reasoned that [t]he legislative purpose of § 52-190a (a) is not undermined by allowing a plaintiff leave to amend his or her opinion letter or to substitute in a new opinion letter if the plaintiff did file, in good faith, an opinion letter with the original complaint, and later seeks to cure a defect in that letter within the statute of limitations. Amending within this time frame typically will not prejudice the defendant or unduly delay the action. . . . In light of the numerous references in *Gonzales* to the statute of limitations, we conclude that *the court intended to limit the scope of its newly recognized remedy to those curative efforts initiated prior to the running of the statute of limitations*." (Citations omitted; emphasis altered; internal quotation marks omitted.) *Peters* v. *United Community & Family Services, Inc.*, supra, 182 Conn. App. 701–702. Similarly, in *Ugalde* v. *Saint Mary's Hospital, Inc.*, 182 Conn. App. 1, 12, 188 A.3d 787, cert. denied, 330 Conn. 928, 194 A.3d 1195 (2018), this court explained that "[t]he holding in *Gonzales* permits

amendments to legally insufficient opinion letters only if they are sought prior to the expiration of the statute of limitations."

Furthermore, in *Kissel*, this court again emphasized that, based on our case law, "it cannot be disputed that regardless of the method employed to cure a defect in an opinion letter filed pursuant to § 52-190a, such correction must be initiated prior to the expiration of the statute of limitations." *Kissel* v. *Center for Women's Health, P.C.*, supra, 205 Conn. App. 426. In that recent case, this court considered, after a jury trial and verdict rendered in favor of the plaintiff in a medical malpractice action, whether the trial court had improperly denied the defendants' pretrial motions to dismiss for the plaintiff's failure to comply with § 52-190a because she failed to attach to her initial complaint an opinion letter from a similar health care provider and her efforts to cure this defect occurred outside of the limitation period. Id., 397, 409. There, the trial court "found that the opinion letter had been authored prior to the commencement of the action and that the failure to attach it to the original complaint resulted from inadvertence or oversight." Id., 409. This court concluded, however, that the trial court "lacked personal jurisdiction over [the defendants] as a result of the plaintiff's failure to cure the § 52-190a defect within the statutory limitation period and that the medical malpractice action, therefore, should have been dismissed." Id., 411.

In the present case, it is undisputed that there was no opinion letter attached to the original complaint, and the plaintiffs did not obtain an opinion letter prior to filing the action. No opinion letter existed until October 6, 2019, after the expiration of the statute of limitations on September 12, 2019, and the plaintiffs filed an amended complaint on October 8, 2019, also after the statute of limitations had expired on September 12, 2019. As such, the plaintiffs did not comply with the requirement clearly set forth in § 52-190a (a), and such noncompliance mandates dismissal of the action under § 52-190a (c) when timely raised by the defendants as in this case. As this court pointed out in *Votre*, which is factually analogous to the present case in that the plaintiff there did not attach any opinion letter to her original complaint and one did not exist at the time the action was commenced, "allowing a plaintiff to obtain . . . [an] opinion after the action has been brought would vitiate the statute's purpose by subjecting a defendant to a claim without the proper substantiation that the statute requires." *Votre* v. *County Obstetrics & Gynecology Group, P.C.*, supra, 113 Conn. App. 585.[13]

Nevertheless, the plaintiffs contend that they were entitled to amend their deficient complaint as of right[14] under the first prong of *Gonzales* because "the action was brought within the statute of limitations . . . ." *Gonzales* v. *Langdon*, supra, 161 Conn. App. 510. This

argument is unpersuasive for two reasons. First, it fails to account for the entirety of the language of the rule articulated in *Gonzales.* The rule, as stated, only applies "if a plaintiff alleging medical malpractice seeks to amend his or her complaint in order to *amend the original opinion letter*, or to *substitute* a new opinion letter *for the original opinion letter . . . .*" (Emphasis added.) Id. Here, there was no "original opinion letter" to "amend" or "substitute." Id. The amendment at issue sought to introduce an opinion letter for the first time— one that did not exist prior to the commencement of the action nor prior to the expiration of the limitation period.

Second, as this court specified in *Peters*, the court in *Gonzales* "intended to limit the scope of its newly recognized remedy to those curative efforts initiated prior to the running of the statute of limitations." *Peters* v. *United Community & Family Services, Inc.*, supra, 182 Conn. App. 702. Moreover, this court's holding in *Kissel* leaves no room for doubt that where a plaintiff in a medical malpractice action fails to attach an opinion letter to the initial complaint and his or her efforts to cure that defect are not initiated prior to the expiration of the statute of limitations, the court lacks personal jurisdiction over the defendant and the action is subject to dismissal pursuant to § 52-190a (c). See *Kissel* v. *Center for Women's Health, P.C.*, supra, 205 Conn. App. 411. Here, the plaintiffs' curative effort—namely, the filing of an amended complaint—was initiated only after the statute of limitations had expired. Therefore, the recourse identified in *Gonzales* is not available.

We decline to further extend *Gonzales* to apply to the circumstances of the present case because the recourse the plaintiffs seek is contrary to what "[o]ur Supreme Court has concluded [is] the purpose of § 52-190a (a) [which] is to prevent frivolous medical malpractice actions by [ensuring] that there is *a reasonable basis for filing* a medical malpractice case under the circumstances . . . and eliminat[ing] some of the more questionable or meritless cases . . . ." (Emphasis added; internal quotation marks omitted.) *Gonzales* v. *Langdon*, supra, 161 Conn. App. 518. That purpose would be undermined if we permit plaintiffs, after the statute of limitations has expired and after the opposing party has spent considerable time and resources in connection with an ultimately successful motion to dismiss, to recast a medical malpractice action in a form that, if it had been timely filed, may demonstrate sufficient merit to satisfy the requirements of § 52-190a (a). Also, as we previously noted, "allowing a plaintiff to obtain [a similar health care provider] opinion after the action has been brought would vitiate the statute's purpose by subjecting a defendant to a claim without the proper [timely] substantiation that the statute requires." *Votre* v. *County Obstetrics & Gynecology Group, P.C.*, supra, 113 Conn. App. 585.

Accordingly, we agree with the trial court's decision to grant the defendants' motions to dismiss, as it is undisputed that the plaintiffs failed to comply with § 52-190a (a), and the rule articulated in *Gonzales* does not apply in the present case to permit the plaintiffs to remedy their defective complaint.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] We refer to Barnes and Ray Barnes collectively as the plaintiffs and individually where appropriate.

[2] We refer to Zwas, Greenwich Hospital, and the Center for Gastrointestinal Medicine, collectively as the defendants and individually where appropriate.

[3] Practice Book § 10-59 provides, "The plaintiff may amend any defect, mistake or informality in the writ, complaint or petition and insert new counts in the complaint, which might have been originally inserted therein, without costs, during the first thirty days after the return day."

[4] The plaintiffs also claim that the court improperly granted the defendants' motions to dismiss because it failed to consider facts presented during oral argument that the defendants fraudulently concealed the cause of action pursuant to General Statutes § 52-595 and, thus, the statute of limitations should have been tolled. We do not review this claim because the record is inadequate. The plaintiffs raised this issue for the first time at oral argument to the trial court. There were no facts related to the issue of fraudulent concealment alleged in the complaint, the amended complaint, or the memorandum in opposition to the defendants' motions to dismiss. Moreover, the trial court did not address this issue in its memorandum of decision, nor did the plaintiffs seek an articulation from the court. See *White* v. *Mazda Motor of America, Inc.*, 313 Conn. 610, 632, 99 A.3d 1079 (2014) ("[W]e cannot consider this claim because the record is inadequate for our review. This court does not consider claims raised for the first time during an oral argument in the trial court when the trial court did not address the issue in its decision and the appellant failed to obtain an articulation from the trial court." (Emphasis omitted.)).

[5] The return of service, which was filed on August 30, 2019, indicates that Zwas and the Center for Gastrointestinal Medicine were served with the writ, summons, and complaint on August 26, 2019, and Greenwich Hospital was served with the same materials on August 27, 2019. See *Rocco* v. *Garrison*, 268 Conn. 541, 553, 848 A.2d 352 (2004) ("[i]n Connecticut, an action is commenced when the writ, summons and complaint have been served upon the defendant").

[6] On July 9, 2019, in the judicial district of Stamford-Norwalk, Barnes commenced a prior medical malpractice action against Greenwich Hospital and the Center for Gastrointestinal Medicine, based on the same alleged conduct as in the present case. *Barnes* v. *Greenwich Hospital*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-19-6042697-S. See *Carpenter* v. *Daar*, 199 Conn. App. 367, 370 n.2, 236 A.3d 239 ("[t]his court may take judicial notice of court files in other cases"), cert. granted, 335 Conn. 962, 239 A.3d 1215 (2020). Greenwich Hospital and the Center for Gastrointestinal Medicine each filed a motion to dismiss, which the court granted on October 15, 2019.

[7] As the trial court pointed out in its memorandum of decision, the defendants also argued that this action should be dismissed on the basis of the prior pending action doctrine. On October 15, 2019, however, the first action filed by Barnes against the defendants, Greenwich Hospital and the Center for Gastrointestinal Medicine, was no longer pending because it had been dismissed by the court, *Hon. Kenneth B. Povodator*, judge trial referee, who found that the plaintiff had pleaded a medical malpractice claim but had failed to comply with § 52-190a.

[8] As the trial court recognized in its memorandum of decision: "The proposed new opinion letter provides that: 'I have had the opportunity to review the records provided of Lori Barnes. She sustained a 7 cm colonic perforation during a procedure that was scheduled to be a routine colonoscopy exam. I have been provided documents that indicate that the attending physician was distracted during the procedure. Giving complete and total attention during the performance of a procedure is a standard of care. A physician who has a lack of attention during a procedure is a deviation. It is reasonable to state that this lack of attention during the procedure led to the large

perforation that occurred during the procedure and to its sequelae.' Also attached on a separate page is a curriculum vitae which provides in relevant part that the author is: 'Board Certified—American Board of Gastroenterology—1993.' "

[9] General Statutes § 52-584 provides in relevant part that the statute of limitations for a medical malpractice action is "two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ."

[10] General Statutes § 52-190a (b) provides in relevant part: "Upon petition to the clerk of any superior court or any federal district court to recover damages resulting from personal injury or wrongful death, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section. . . ."

[11] Aside from the plaintiffs' assertion that the statute of limitations was equitably tolled because the defendants fraudulently concealed the cause of action pursuant to General Statutes § 52-595; see footnote 4 of this opinion; the plaintiffs do not claim that the trial court erred in calculating the expiration of the statute of limitations.

[12] This is the standard that applies when, as in the present case, "a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone. . . . If, however, the complaint is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss . . . [or] other types of undisputed evidence . . . the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint. . . . Rather, those allegations are tempered by the light shed on them by the [supplementary undisputed facts]. . . . If affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits . . . or other evidence, the trial court may dismiss the action without further proceedings. . . . If, however, the defendant submits either no proof to rebut the plaintiff's jurisdictional allegations . . . or only evidence that fails to call those allegations into question . . . the plaintiff need not supply counteraffidavits or other evidence to support the complaint, but may rest on the jurisdictional allegations therein. . . .

"Finally, where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts. . . . Likewise, if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits. . . . An evidentiary hearing is necessary because a court cannot make a critical factual [jurisdictional] finding based on memoranda and documents submitted by the parties." (Citation omitted; internal quotation marks omitted.) *Devine* v. *Fusaro*, 205 Conn. App. 554, 562 n.8,    A.3d    (2021), quoting *Conboy* v. *State*, 292 Conn. 642, 651–54, 974 A.2d 669 (2009).

[13] We note that the plaintiff in *Votre* did not attempt to amend her complaint to add an opinion letter. *Votre* v. *County Obstetrics & Gynecology Group, P.C.*, supra, 113 Conn. App. 584. In this way, that case is distinguishable from the present one, although that difference does not affect our analysis.

[14] It is undisputed that the plaintiffs filed their amended complaint "during the first thirty days after the return day," which, as mentioned previously, was September 10, 2019. Practice Book § 10-59.